## McCABE *v.* HAND *et als.*

THE interest which renders a party incompetent as a witness is a legal interest in the event of the suit; and it is the *fact* of interest, not the supposition of the party that he is interested, which incapacitates him.

APPEAL from the County Court of Napa.

Forcible entry and detainer for one hundred and sixty acres of land, averred in the complaint in the Justice's Court to have been taken up and improved under the Possessory Act of 1852. The suit was against M. Hand, S. Hand, Guard and E. Reeves. M. Hand and Reeves in their answers disclaim title or possession of a portion of the land in controversy, but claim the balance, and deny any illegal entry. The other defendants disclaim all interest or possession. After the evidence of plaintiff was closed, defendants moved to dismiss as to Reeves. Motion granted; and Reeves sworn as a witness for defendants. Plaintiff had judgment; and defendants appealed to the County Court.

On the trial, plaintiff offered in evidence his possessory claim as recorded in the Recorder's office; and also proved by a Surveyor that he surveyed the tract sued for, and that about fourteen acres of it extended into the inclosure and cornfield of defendant Reeves. After other testimony as to possession of plaintiff and the entry of defendants, plaintiff rested. Defendants moved for a nonsuit, which was granted as to defendant Reeves only. Among other witnesses introduced by the other defendants, was Reeves, who was

McCabe *v.* Hand.

sworn on his *voir dire.*    Question by plaintiff: "Have you any interest in the event of this suit?"    Ans. "I think I have.    The plaintiff runs into my field, and claims also some of the land which I have inclosed and used as a pasture."    Ques. "Are you not on the bond of the other defendants, given on taking this appeal?"    Ans. "I think not.    I understand that the bond which I signed has been rejected, and one substituted in its place which has been accepted; but I told the boys I would stand by them in the expenses of the defense."

Cross examination.    "Do you know you have been dismissed; that you are no longer a defendant?"    Ans. "I understood I was dismissed."    Ques. "Do you believe that you are dismissed from the case?"    Ans. "I do."    Ques. "Have you signed your name to any paper or writing by which you have promised to pay money for them?"    Ans. "No."    Ques. "Do you think that if judgment goes against the other defendants it will affect your interest?"    Ans. "If it takes my land it will."    Plaintiff then objected to the witness as interested, and he was excluded by the Court; defendants excepting.    Verdict and judgment for plaintiff. Defendants appeal.

*W. C. Wallace,* for Appellants, to the point that Reeves was a competent witness, cited Pr. Act, secs. 392, 393; 1 Greenl. Ev. sec. 386.

*Howell & Hopkins,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The Court erred in excluding the witness Reeves.    He was not incompetent.    His promise to indemnify the defendants—if that be the language on the *voir dire*—did not create a legal obligation; and it is only an interest recognized as such by law in the event of the suit which excludes.    Nor did his supposition that the plaintiff would take a part of his land disqualify him.    It is the fact of interest, not the incorrect notion of it, which incapcitates him.

It is not deemed necessary to notice other points.

Judgment reversed and cause remanded.